UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MENSAH AJANAKU, et al., | Case No.: 2:25-cv-00743-APG-MDC |
| Plaintiffs | **Order Remanding Case for Lack of Subject Matter Jurisdiction** |
| v. | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | |
| Defendant | |

    Defendant Progressive Direct Insurance Company removed this case based on diversity jurisdiction. ECF No. 1.  Because it was not clear that the amount in controversy requirement was satisfied, I ordered Progressive to show cause why this action should not be remanded for lack of subject matter jurisdiction. ECF No. 4.  Progressive responds that the plaintiffs each made $100,000 policy limit demands. *See* ECF No. 6-1.

    However, Progressive has not provided evidence of how much each plaintiff recovered from the tortfeasor's insurer, even though that information was apparently provided to Progressive. ECF No. 6-1 at 3 ("Attached as part of Exhibit A is confirmation including the dec page and relevant third-party settlements that each claimant received.").  Nor has it presented evidence that the demand for policy limits is a reasonable estimate of the amount at issue, particularly given the medical charges in the demand letter and the lack of evidence of how much of the plaintiffs' damages have already been recompensed by the tortfeasor's insurance. *See* ECF No. 6-1 at 9-10.  Additionally, the demand for policy limits includes an unidentified person who is not a plaintiff in this case, thus impacting the amount in controversy here vis-à-vis the demand letter's request. *See id.* at 2, 10.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for lack of subject matter jurisdiction. The clerk of court is instructed to close this case.

DATED this 8th day of May, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE